## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DONALD T. ROBERSON, )<br>)<br>Defendant. )<br>_____ ) | CASE NO. 00-6015-CR-ZLOCH |

## AMENDED OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT WITH INCORPORATED MEMORANDUM OF LAW

The Defendant, DONALD T. ROBERSON, by and through his undersigned counsel, hereby respectfully registers his objections to the Pre-Sentence Investigation Report (hereafter referred to as "PSI"), pursuant to Rule 88.8 General Rules of U.S.D.C., Southern District of Florida, Administrative Order 90-26, U.S.S.G. § 6A1.2 (November 1991), Rule 32 of the Federal Rules of Criminal Procedure, and the Fifth Amendment to the United States Constitution. In support thereof he states the following:

## INTRODUCTION

Undersigned counsel and Roberson had an adequate opportunity to confer and thoroughly review the PSI in accordance with United States vs. Aleman, 832 F. 2d. 142, 144, note 6 (11th Cir. 1987).

Pursuant to Rule 32(c)(3)(D) of the Florida Rules of Criminal Procedure, the Court is required, as to each factual matter controverted by the Defendant, either to make

1



a finding as to such allegations or determination that no such finding is necessary because the controverted matter will not be taken into account at sentencing. *id.*

Additionally, Rule 32 guarantees to the Defendant the right "....to present any information in mitigation of the sentence."1/ Another provision of Rule 32 requires that "....... the Defendant and the Defendant's counsel shall have "opportunity to comment on the report...." 2/

## THE GUIDELINE CALCULATION IS INCORRECT

Roberson asserts that the Guidelines have been incorrectly applied by the United States Probation Officer (hereinafter referred to as "USPO") in reaching a Base Offender Level of 37 in the combined P.S.I., and the Defendant does not qualify as a career offender.

# ISSUE 1

## MR. ROBERSON'S MAXIMUM SENTENCING EXPOSURE ON CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND COCAINE BASE IS 20 YEARS IMPRISONMENT WITH NO MANDATORY MINIMUM SENTENCE.

Mr. Roberson was charged by Grand Jury Indictment on Count I with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of Title 21 United States Code section 841(a)(1) and 846. On 4/3/00 Defendant plead guilty to Count I of the Indictment. The USPO calculated the Defendant's maximum sentencing exposure as being between 292 months to life in prison based upon Defendant's criminal history points and the possibility that Defendant can be classified as a career offender.

The Indictment charging Defendant with conspiracy to possess with intent to distribute cocaine and cocaine base under Section 841(a)(1) and 846 does not specify the weight of the drugs involved. The United States government can seek an indictment on the above-styled charge based on Section 841(a)(1) with corresponding penalties in Section 841(b)(1)(A), 841(b)(1)(B) or 841(b)(1)(C).

Under Section 841(b)(1)(A), Defendant could face between a mandatory minimum 10 years to life imprisonment. Under Section 841(b)(1)(B), Defendant could face between a mandatory minimum 5 years to 40 years imprisonment. Under Section 841(b)(1)(C), Defendant faces up to 20 years imprisonment without a mandatory minimum sentence. Since Defendant's indictment does not list the weight of the drugs involved, Defendant's maximum sentencing exposure is 20 years imprisonment without a mandatory minimum sentence pursuant to the plea of guilty on Count I of the Indictment.

In *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), decided June 26, 2000, the United States Supreme Court held "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2361. The statutory maximum penalty for conspiracy to possess with intent to distribute cocaine and cocaine base under 841(a)(1) and 841(b)(1)(C) is 20 years imprisonment without a mandatory minimum penalty. Due to the weight of the drugs involved, the USPO has set a sentencing range of 292 months imprisonment to life. Since the weight of the drugs were not alleged in the indictment, Defendant's sentencing exposure should be confined to 841(b)(1)(C). The increase in Defendant's base offense level flows from 841(b)(1)(A) which proscribes higher penalties based on the weight of the drugs. This fact increases the penalty for Defendant's offense above the statutory maximum and must be submitted to a jury and

3

proved beyond a reasonable doubt. The court in *Apprendi*, when discussing this issue, went on to quote from *McMillan v. Pennsylvania*, 477 US 79 (1986) when it said "[w]hen a judge's finding based on mere preponderance of the evidence authorizes an increase in the maximum punishment, it is appropriately characterized as 'a tail which wags the dog of the substantive offense.'" *Apprendi* at 2364.

In *United States v. Aguayo-Delgado*, §F.3d §, 2000 WL 988128 (8th Cir. (Iowa)), the United States Court of Appeals in the Eighth Circuit discussed the applications of *Apprendi* as it relates to drug related offenses. This court noted that it has repeatedly held drug quantity is a sentencing factor in 21 U.S.C. § 841(b), thus allowing a judge to decide this issue by using a preponderance of evidence standard. After the decision in *Apprendi*, this court acknowledged sentencing issues based on drug quantities have changed by saying:

> "A fact, other than prior convictions, that increases the maximum punishment for an offense is the 'functional equivalent of an element of a greater offense then the one covered by the jury's verdict.' Thus, if the government wishes to seek penalties in excess of those applicable by virtue of the elements of the offense alone, then the government must charge the facts giving rise to the increased sentence in the indictment, and must prove those facts to a jury beyond a reasonable doubt." *Id.*

The statutory maximum punishment for Defendant's offense based on § 841(b)(1)(C) is well below the range submitted to this court based on the USPO's report. Since the weight of the the drugs involved in his case were not charged in the indictment, any punishment in excess of 20 years imprisonment would be "an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system." *Id.*

4

# ISSUE 2

## **MR. ROBERSON CAN NOT BE CATEGORIZED**
## **AS A CAREER OFFENDER SINCE IT WAS NOT**
## **CHARGED IN THE INDICTMENT**

The USPO notes in paragraph 57 of the Report that pursuant to §4B 1.1., Defendant is a career offender and as such, his criminal history category is VI. This subjects Defendant to a possible sentence of 360 months to life imprisonment based on an offense level of 37. Such exposure far exceeds the statutory parameters outlined for the offense charged and thus is subject to the United States Supreme Court findings in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000).

The Court in *Apprendi* endorsed a statement of rule that stated "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Id.* at 2375. To subject Defendant to penalties contained in § 4B 1.1, career offender, the U.S. government must allege in the indictment that Defendant is such an offender and prove the predicate offenses beyond a reasonable doubt. If a defendant faces punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that both the loss of liberty and the stigma attaching to the offense are heightened; it necessarily follows that the defendant should not - - at the moment the state is put to proof of those circumstances - - be deprived of protections that have, until that point, unquestionably attached. *Id.* at 2358.

5

In *Jones v. United States*, 119 S.Ct. 1215 (1999), the court discussed the constitutionality of the guideline system as it applied to a federal car jacking statute. 18 U.S.C. § 2119, with regards to ambiguities as related to increased penalties for "serious bodily injury" during the car jacking. Citing the Rules of Constitutional doubt, the court held that "serious bodily injury" was an element of a different substantive crime rather than a sentencing factor. *Id.* at 1231.

The Eighth Circuit Court of Appeals in *Aguayo-Delgado*, §F.3d §, 2000 WL 988128 (8th Cir. (Iowa)) expanded those theories as they apply to 21 U.S.C. § 841(b)(1). "A judge found fact may permissible alter a defendant's sentence within the range allowed by statute for the offense simplicitor. But when a statutory "sentencing factor" increases the maximum sentence beyond the sentencing range otherwise allowed given the jury's verdict, then the sentencing factor has become the "'tail which wags the dog of the substantive offense.'" *Id.* The indictment of Defendant is silent as to his career offender status and the requisite offenses required to prove this status. Such an omission deprives Defendant of the constitutional safeguards that require the government to prove elements of an offense that would subject Defendant to penalties in excess of the statuary maximum. It is for these reasons that Defendant is subject to penalties prescribed under 21 U.S.C. § 841(b)(1)(C).

## **CONCLUSION**

THEREFORE, the Defendant, Donald T. Roberson, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, respectfully requests that this Honorable

Court grant his objections to the Pre-Sentence Report and request for downward departures and grant any additional relief it deems appropriate and just.

## CERTIFICATION

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered to Georgann Douglas, U.S.P.O. United States Probation Department, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Fl. 33301 and hand delivered to Assistant State Attorney Roger Powell, U.S. Attorney's Office, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale, Fl. 33301 this 22nd day of August, 2000.

Respectfully Submitted:
Richard P. Castillo, Esq.
440 South Andrews Avenue
Fort Lauderdale, Fl. 33301
(954) 522-3500 Office
(954) 522-7571 Facsimile
Castillo@lawyer.com E-mail

By: _____
RICHARD P. CASTILLO, ESQ.

7