**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 00-6015-CR-ZLOCH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| DONALD T. ROBERSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PREVIOUSLY FILED *APPRENDI* OBJECTIONS

The Defendant, DONALD T. ROBERSON, by and through his undersigned counsel, hereby respectfully submits supplemental authority in support of Apprendi objections to the pre-sentence investigation; pursuant to Rule 88.8 General Rules of United States District Court, Southern District of Florida, Administrative Order 90-26

United States Supreme Court § 6A1.2 (November 1991), Rule 32 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution.

### CERTIFICATION

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered to Georgann Douglas, U.S.P.O. United States Probation Department, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Fl. 33301 and hand delivered to Assistant State Attorney Roger Powell, U.S. Attorney's Office, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale, Fl. 33301 this 18th day of September, 2000.

Respectfully Submitted:
Richard P. Castillo, Esq.
440 South Andrews Avenue
Fort Lauderdale, Fl. 33301
(954) 522-3500 Office
(954) 522-7571 Facsimile
Castillo@lawyer.com E-mail

By:_____
RICHARD P. CASTILLO, ESQ.

1

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **98-5454-EE**

United States of America,

Appellee,

*Apprendi*

- versus -

Kevin Joseph Moore and Elwood Cooper,

Appellants.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

## SUPPLEMENTAL BRIEF FOR THE UNITED STATES

Guy A. Lewis
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9123

Anne R. Schultz
Chief, Appellate Division

Dawn Bowen
Assistant United States Attorney

Suzan Hill Ponzoli
Assistant United States Attorney

Of Counsel

United States v. Moore and Cooper, Case No. 98-5454-EE

### Certificate of Interested Persons

Undersigned counsel for the United States of America hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

Richard D. Biggs

Dawn Bowen

Brenda G. Bryn

Il Young Choi

Ellen Cohen

Timothy Cone

Elwood Cooper

Hon. Adalberto Jordan

Richard Klugh

Guy A. Lewis

John L. McCray

Alan M. Medof

Kevin Joseph Moore

Suzan Hill Ponzoli

Laura Thomas Rivero

United States v. Moore and Cooper, Case No. 98-5454-EE

Certificate of Interested Persons

(continued)

Hon. Kenneth L. Ryskamp

Kathleen M. Salyer

Anne R. Schultz

Thomas E. Scott

Marcia G. Shein

Craig Stella

*[signature]*
Suzan Hill Ponzoli
Assistant United States Attorney

### Statement Regarding Oral Argument

The United States of America respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by oral argument.

### Certificate of Type Size

The United States certifies that this brief uses 14 point Times Scalable type.

## Table of Contents

|                                                                              | Page: |
|---|---|
| Certificate of Interested Persons .............................. | c-1 |
| Statement Regarding Oral Argument ............................. | i |
| Certificate of Type Size ..................................... | i |
| Table of Contents ........................................... | ii |
| Table of Citations .......................................... | iii |
| Statement of Jurisdiction .................................... | iv |
| Statement of the Issue ...................................... | 1 |

Statement of the Case:

    1.   Course of Proceedings and Statement of the Facts ............ 1

    2.   Standard of Review ................................... 3

Summary of the Argument ....................................... 3

Argument and Citations of Authority:

    Cooper Has Not Demonstrated Plain Error in the District Court's

    Sentencing. .............................................. 4

Conclusion .................................................. 10

Certificate of Service ........................................ 11

Table of Citations

Cases:                                                                          Page:

* Apprendi v. New Jersey,

    120 S. Ct. 2348 (2000) ................................. 1, 3, 4, 5, 8

  Griffith v. Kentucky,

    479 U.S. 314 (1987) ............................................ 5

* Johnson v. United States,

    520 U.S. 461 (1997) ....................................... 3, 5, 6, 8

  Neder v. United States,

    527 U.S. 1 (1999) .............................................. 8

  Rutledge v. United States,

    517 U.S. 292 (1996) ............................................ 9

  United States v. Gomez,

    905 F.2d 1513 (11th Cir. 1990) ................................. 7

  United States v. Hansley,

    54 F.3d 709 (11th Cir. 1995) ................................. 3, 6

  United States v. Hunt,

    129 F.3d 739 (5th Cir. 1997) ................................... 9

  United States v. Romano,

    137 F.3d 677 (1st Cir. 1998) ................................... 9

## Table of Citations

**Cases:**                                                              **Page:**

United States v. Taffe,

  36 F.3d 1047 (11th Cir. 1994) .................................... 7

United States v. Vasquez-Chan,

  978 F.2d 546 (9th Cir. 1992) ..................................... 9


**Statutes & Other Authorities:**                                       **Page:**

18 U.S.C. § 2 .................................................... 1

21 U.S.C. § 841 ............................................... 1, 6

21 U.S.C. § 846 .................................................. 1

21 U.S.C. § 952 .................................................. 1

21 U.S.C. § 960 .................................................. 1

21 U.S.C. § 963 .................................................. 1

28 U.S.C. § 1291 ................................................ iv

Fed. R. App. P. 32 .............................................. 11

Fed. R. Crim. P. 52 .............................................. 5

### Statement of Jurisdiction

The jurisdiction of this Court is invoked under 28 U.S.C. § 1291.

### Statement of the Issue

Whether the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-363 (2000), requires vacatur of Cooper's sentence and a remand for resentencing.

### Statement of the Case

#### 1. Course of Proceedings and Statement of the Facts[1]

Appellant Elwood Cooper was charged in four counts of the superseding indictment with conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b) and 963 (Count I); conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count II); importation of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b) and 18 U.S.C. § 2 (Count III); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count IV) (R1:17).

In regard to the cocaine, the superseding indictment referenced only "a Schedule II narcotic controlled substance, ... a detectable amount of cocaine" (id.). It did not include quantity.

At trial, the proof included testimony that in May, 1997, Cooper planned and organized a 300 to 480-kilogram importation of cocaine from the Bahamas (R5:118,

---

[1] The Course of Proceedings and Statement of Facts are combined because the facts relevant to the Apprendi issue are contained in this joint statement.

122, 137; R7:279-81, 286; R9:475). The Drug Enforcement Administration (DEA) taped conversations between cooperating individuals and Cooper regarding the importation (R7:280), and kept track of payments which Cooper made to confidential sources (R5:125-30, 137; R7:290-91). Despite multiple problems with initial shipments (R7:287, 306-11, 319), eventually a shipment of 480 kilograms was made (R7:209-13, 236-37; R9:330-41, 506).

Cooper testified in his own defense and admitted that it was his voice on numerous taped conversations setting up the cocaine importation (R12:719-97). Cooper maintained that he only became involved to help a friend in financial trouble and had been entrapped (R12:731-34, 739, 748-50). The jury was not instructed on the amount of cocaine involved; nor did Cooper request such an instruction (R1:49). Following a five-day trial, the jury returned a verdict finding Cooper guilty of all four counts (R1:52).

The PSI set Cooper's base offense level at 38 for the importation of more than 150 kilograms of cocaine (PSI ¶22). While Cooper challenged whether he had *personally* loaded *any* cocaine, he did not challenge the overall amount of cocaine in the offense of conviction (R2:72). At sentencing, while Cooper challenged many specific offense characteristics, he did not challenge that the actual off-loading had involved a quantity of cocaine at the 300 to 480-kilogram level (see R16:3-8, 34). He

2

objected that he did not know the quantity would go that high (R16:34). The district court rejected his argument, and with a total offense level of 43 and a criminal history category I, the district court sentenced Cooper to life imprisonment (R2:86; R16:45).

## 2. Standard of Review

Whether the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-363 (2000), decided during the pendency of this direct appeal, requires vacatur of Cooper's sentence and a remand for re-sentencing, is subject to the plain error standard of review. See Johnson v. United States, 520 U.S. 461, 468 (1997). This Court will consider sentencing objections raised for the first time on appeal under the plain error doctrine only to avoid manifest injustice. See United States v. Hansley, 54 F.3d 709, 715 (11th Cir. 1995).

### Summary of the Argument

Cooper has failed to demonstrate that his substantial rights have been affected or that the forfeited error seriously affected the fairness, integrity, or public reputation of his proceedings. Consequently, he has failed to demonstrate plain error. It would have been futile for Cooper to challenge the amount of cocaine attributed to his offense of conviction because there was overwhelming evidence that the loaded vessel in the Bahamas contained 480 kilograms of cocaine. Cooper's defense was entrapment, an issue having nothing to do with type or quantity of drug. Under these

3

circumstances, Cooper cannot show that his substantial rights were violated or that the integrity, fairness or reputation of the proceedings has been undermined by the sentence imposed.

## Argument

### Cooper Has Not Demonstrated Plain Error in the District Court's Sentencing.

In Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-363. The Court applied that principle to invalidate a procedure required by a New Jersey statute that increased the maximum term of imprisonment authorized for certain offenses from ten years to twenty years if the sentencing judge found, by a preponderance of the evidence, that the defendant "acted with a purpose to intimidate an individual or group of individuals because of race" or other characteristics. The Court concluded that the legislature's placement of the "purpose to intimidate" factor in a sentencing enhancement provision was irrelevant, reasoning that "when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty

4

verdict." Id. at 2365 n.19. Thus, under the decision in Apprendi, facts that increase the statutory maximum sentence, other than a prior conviction, must now be found by the jury beyond a reasonable doubt, even if they have previously been treated as sentencing factors to be determined by the court.

The decision in Apprendi is applicable to Cooper's case because it was on direct appeal when the Supreme Court entered its decision. Griffith v. Kentucky, 479 U.S. 314, 328 (1987) (Court's decision in criminal case is "applied retroactively to all cases * * * pending on direct review or not yet final"); see id. at 321 n.6 (case is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied").

At the outset, it is important to note that Cooper did not raise the Apprendi argument before the district court. If a defendant did not claim at trial that drug type or quantity must be submitted to the jury and proved beyond a reasonable doubt, he must prove that there was plain error in his sentencing. See Fed. R. Crim. P. 52(b); Johnson v. United States, 520 U.S. 461, 465-67 (1997). In Johnson, the Court set out a four-part plain error standard: "[B]efore an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain' [which the Court stated is "synonymous with 'clear' or equivalently, 'obvious'"], and (3) that affects substantial

5

rights [i.e., that actually prejudiced the defendant]. If all three conditions are met, an appellate court may then exercise its *discretion* to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." 520 U.S. at 466-67 (internal citations omitted) (emphasis added). This Court will consider sentencing objections raised for the first time on appeal only under the plain error standard to avoid manifest injustice. United States v. Hansley, 54 F.3d 709, 715 (11th Cir. 1995). Accordingly, Cooper may raise his claim under Apprendi, subject to the plain error standard of review.

Cooper's jury was charged with finding him guilty of the four charges involving cocaine (conspiracy to import cocaine, conspiracy to possess cocaine, importation of cocaine, and possession of cocaine), but it was not asked to find a specific quantity of cocaine. Therefore, under the holding of Apprendi, his life imprisonment sentence was error. In addition, the error was "plain" (in the sense of "clear" or "obvious"), at least under 21 U.S.C. § 841. See Johnson, 520 U.S. at 467-68 ("where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration"). Cooper, however, cannot meet the stringent third and fourth elements of the plain error test.

Under the third prong of the Johnson test, Cooper cannot show that the error "affect[ed] [his] substantial rights" because the district court correctly determined that

6

the quantity of cocaine exceeded the amount required under the applicable provisions of Sections 841(b)(1) and 960(b)(1) (a mere 5 kilograms). The jury heard extensive evidence that Cooper planned a massive cocaine importation, and that the drug vessel contained 480 kilograms of cocaine. Cooper took the stand, contending that he was entrapped; however, the jury rejected his testimony.[2] It is important that this was not a case that involved incremental quantities of cocaine, it was an "all or nothing" proposition involving 300 to 480 kilograms. Therefore, while the jury did not find that the load Cooper planned was 300 or 480 kilograms, there never was any question about its massive quantity. As for Cooper's mens rea argument (Br. at 4), it is well-established in this Circuit, that for a drug conspiracy, it is not necessary that the defendant know the full amount of the drugs involved. United States v. Taffe, 36 F.3d 1047, 1050 (11th Cir. 1994); see also United States v. Gomez, 905 F.2d 1513, 1514-515 (11th Cir. 1990). In Cooper's case, he planned the massive importation, and the jury would only have had to find that there was in excess of 5 kilograms of cocaine for his life sentence to have been the statutory maximum. Therefore, Cooper's arguments are without merit.

---

[2] The district court's rejection of Cooper's request for an entrapment jury instruction is one of the issues on appeal.

7

Finally, on the fourth prong of the Johnson plain error test, it is more than apparent that Cooper received a fair sentencing proceeding under the prevailing practice at the time. He had a full opportunity to contest the quantity of drugs involved in the offense (R2:72; R16:3-8, 34), and the fact that the court, rather than the jury, determined drug quantity did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." See Johnson, 520 U.S. at 470 (where element of offense was "essentially uncontroverted" and evidence supporting it was "overwhelming," failure to submit element to the jury did not seriously affect the fairness, integrity or public reputation of judicial proceedings); cf. Neder v. United States, 527 U.S. 1, 9 (1999) (jury instruction that omits element of offense "does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence").

Cooper argues that the district court "lacked jurisdiction to evaluate the quantity issue"(Br. at 3), and in his prayer for relief, seeks a new trial (Br. at 5). The district court had jurisdiction to sentence Cooper, and there is no need for a new trial. The indictment charged Cooper with possessing a "detectable amount of cocaine," an offense that is subject to a maximum sentence of 20 years' imprisonment under Section 841(b)(1)(C). Apprendi only forbids "imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict." 120

S. Ct. at 2361 n.13. If this Court were to find plain error and remand the case back to the district court for re-sentencing, the district court would have jurisdiction to sentence for at least 20 years, analogous to the solution in cases in which courts have "concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense." Rutledge v. United States, 517 U.S. 292, 306 (1996); see also United States v. Romano, 137 F.3d 677, 680-81 (1st Cir. 1998); United States v. Hunt, 129 F.3d 739, 744-46 (5th Cir. 1997). But see United States v. Vasquez-Chan, 978 F.2d 546, 554 & n.5 (9th Cir. 1992) (court of appeals may order entry of judgment on lesser included offense only when the jury was "explicitly instructed that it could find the defendant guilty of the lesser included offense and * * * properly instructed on the elements of that offense").

Cooper has not established plain error in the court's decision to impose a life sentence, nor has he established that the sentence affects his substantial rights or undermines the integrity, fairness, or reputation of the proceedings. The sentence should be affirmed.

9

## Conclusion

For the foregoing reasons, the district court's decision should be affirmed.

                        Respectfully submitted,

                        Guy A. Lewis
                        United States Attorney

By: *[signature]*
      Suzan Hill Ponzoli
      Assistant United States Attorney

Anne R. Schultz
Chief, Appellate Division

Dawn Bowen
Assistant United States Attorney

Of Counsel

10

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Brief for the United States was mailed this 2nd day of August, 2000, to Timothy Cone and Richard Klugh, Assistant Federal Public Defenders, 150 West Flagler Street, Miami, Florida 33130-1555, counsel for Cooper; and Marcia G. Shein and Richard D. Biggs, 52 Executive Park South, Suite 5203, Atlanta, Georgia 30329, counsel for Moore.

Suzan Hill Ponzoli
Assistant United States Attorney

jc

11