## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DONALD T. ROBERSON, )<br>)<br>Defendant. )<br>_____ ) | CASE NO. 00-6015-CR-ZLOCH |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PREVIOUSLY FILED *APPRENDI* OBJECTIONS

The Defendant, DONALD T. ROBERSON, by and through his undersigned counsel, hereby respectfully submits supplemental authority in support of Apprendi objections to the pre-sentence investigation; pursuant to Rule 88.8 General Rules of United States District Court, Southern District of Florida, Administrative Order 90-26

United States Supreme Court § 6A1.2 (November 1991), Rule 32 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution.

### CERTIFICATION

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered to Georgann Douglas, U.S.P.O. United States Probation Department, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Fl. 33301 and hand delivered to Assistant State Attorney Roger Powell, U.S. Attorney's Office, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale, Fl. 33301 this 2nd day of January, 2001.

> Respectfully Submitted:
> Richard P. Castillo, Esq.
> 440 South Andrews Avenue
> Fort Lauderdale, Fl. 33301
> (954) 522-3500 Office
> (954) 522-7571 Facsimile
> Castillo@lawyer.com E-mail
>
> By:_____
> RICHARD P. CASTILLO, ESQ.

2000 WL 1839206
--- F.3d ---
(Cite as: 2000 WL 1839206 (11th Cir.(Fla.)))

Only the Westlaw citation is currently available.

United States Court of Appeals,
Eleventh Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Alphonso SHEPARD, Defendant-Appellant.

No. 00-10653.

Dec. 14, 2000.

Defendant pleaded guilty in the United States District Court for the Southern District of Florida, No. 99-06159-CR-KLR, Kenneth L. Ryskamp, J., to knowingly and intentionally possessing crack cocaine with the intent to distribute. Defendant appealed his sentence. The Court of Appeals, Barkett, Circuit Judge, held that: (1) district court erred in sentencing defendant based on drug quantity that was not alleged in indictment, but (2) error did not prejudice defendant.

Affirmed.

[1] Criminal Law ⚖ 1139

110k1139

Applicability of Supreme Court's Apprendi decision was pure question of law that Court of Appeals would review de novo.

[2] Criminal Law ⚖ 1042
110k1042

Defendant properly preserved claim that his sentence was improper under Supreme Court's Apprendi decision, on ground that drug quantity was not alleged in indictment, where defendant objected at sentencing to the enhancement of his sentence on the basis of drug quantity.

[3] Indictment and Information ⚖ 113
210k113

Drug quantity in cases charged under statute establishing penalties for drug possession based on quantity of drug involved must be charged in the indictment and proven to a jury beyond a reasonable doubt, because drug quantity is an element of those offenses. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b)(1)(A, B), 21 U.S.C.A. § 841(b)(1)(A, B).

[3] Sentencing and Punishment ⚖ 322
350Hk322

Drug quantity in cases charged under statute establishing penalties for drug possession based on quantity of drug involved must be charged in the indictment and proven to a jury beyond a reasonable doubt, because drug quantity is an element of those offenses. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b)(1)(A, B), 21 U.S.C.A. § 841(b)(1)(A, B).

[4] Indictment and Information ⚖ 60
210k60

Rule that all elements of offense must be charged in the indictment serves two purposes: first, it informs the defendant of the nature and cause of the accusation as required by the Sixth Amendment, and, second, it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime. U.S.C.A. Const.Amends. 5, 6.

[5] Criminal Law ⚖ 1167(1)
110k1167(1)

District court's sentencing of defendant for knowingly and intentionally possessing crack cocaine with the intent to distribute, based on finding that defendant possessed particular quantity of drugs, despite fact that quantity was not alleged in indictment, though erroneous, did not prejudice defendant, where defendant was sentenced below the 20-year maximum set forth by statute for offenses for which no drug quantities are specified. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(a)(1), (b)(1)(B, C), 21 U.S.C.A. § 841(a)(1), (b)(1)(B, C).

[5] Indictment and Information ⚖ 113
210k113

District court's sentencing of defendant for knowingly and intentionally possessing crack cocaine with the intent to distribute, based on finding that defendant possessed particular quantity of drugs, despite fact that quantity was not alleged in indictment, though erroneous, did not prejudice

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

defendant, where defendant was sentenced below the 20-year maximum set forth by statute for offenses for which no drug quantities are specified. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(a)(1), (b)(1)(B, C), 21 U.S.C.A. § 841(a)(1), (b)(1)(B, C).

Kathleen M. Williams, Federal Public Defender, Miami, FL, Martin John Bidwill, Federal Public Defender, Ft. Lauderdale, FL, for Defendant-Appellant.

Anne Ruth Schultz, Miami, FL, Debra J. Stuart, Asst. U.S. Atty., Ft. Lauderdale, FL, for Plaintiff-Appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before BARKETT and WILSON, Circuit Judges, and GEORGE [FN*], District Judge.

BARKETT, Circuit Judge:

*1 Alphonso Shepard appeals his sentence of 188 months imprisonment after pleading guilty to knowingly and intentionally possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Shepard seeks reversal of his sentence arguing that because drug quantity was not alleged in the indictment his sentence violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Notwithstanding that the indictment did not allege drug quantity, because we do not find that this error prejudiced Shepard, we affirm.

[1][2] The applicability of Apprendi v. New Jersey is a pure question of law that we review de novo. See Doe v. Chiles, 136 F.3d 709, 713 (11th Cir.1998). Because Shepard objected at sentencing to the enhancement of his sentence on the basis of drug quantity, which was not contained in the indictment, the issue is properly before this Court on review. United States v. Rogers, 228 F.3d 1318 (11th Cir.2000).

## DISCUSSION

The indictment in this case charged Shepard with violating 21 U.S.C. § 841(a)(1) by knowingly and intentionally possessing an unspecified amount of crack cocaine. While section 841(b)(1)(C) defines penalties for violations of section 841(a) when no drug quantities are specified, section 841(b)(1)(A) and (B) establish penalties for violations of section 841(a) depending upon drug quantity and drug type (among other factors which are not relevant to this case). Section 841(b)(1)(A) provides for a sentence of imprisonment ranging from not less than ten years and not more than life. Section 841(b)(1)(B) provides for a sentence between not less than five years and not more than forty years. Section 841(b)(1)(C) provides for a sentence between zero and not more than 20 years.

Based on the Presentence Investigation Report (PSI) finding Shepard responsible for at least 50 grams of cocaine base, the district court considered and sentenced Shepard under section 841(b)(1)(B). Shepard objected at sentencing on the ground that the indictment failed to allege the requisite quantity of cocaine to fall within 841(b)(1)(B)'s sentencing range of 5 to 40 years. Therefore, he argued that his sentence was controlled by § 841(b)(1)(C) which contains no mandatory minimum and a maximum term of 20 years.

[3][4] We agree with Shepard that Apprendi dictates, as we stated in United States v. Rogers, 228 F.3d 1318 (11th Cir.2000), that "drug quantity in section 841(b)(1)(A) and section 841(b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt ...." Id. at 1324. As the Court in Apprendi noted: "Put simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense." Apprendi, 120 S.Ct. at 2359, n. 10. As an element of the offense, drug quantity must be charged in the indictment. See Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) (The indictment must "contain[ ] the elements of the offense intended to be charged, 'and sufficiently apprise[ ] the defendant of what he must be prepared to meet' ") (citations omitted); United States v. Gayle, 967 F.2d 483, 485(11th Cir.) ("A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense"). As we explained in Gayle, "this rule serves two purposes. First, it informs the defendant of the nature and cause of the accusation as required by the Sixth Amendment. Second, it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime." Id., 967 F.2d at 485. Because the indictment failed to allege drug quantity, Shepard's sentence was controlled by

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

section 841(b)(1)(C) and the district court's application of section 841(b)(1)(B) violates **Apprendi**.

**\*2** [5] Nonetheless, we affirm Shepard's sentence and find no need to remand because the district court sentenced Shepard below the twenty year maximum provided by section 841(b)(1)(C). It is arguable that under Apprendi, a remand is mandated. Apprendi does note that although the actual sentence imposed in the Apprendi case was within the range authorized by the indictment, a reversal was warranted. The Court first noted that:

> the State has argued that even without the trial judge's finding of racial bias, the judge could have imposed consecutive sentences on counts 3 and 18 that would have produced the 12-year term of imprisonment that Apprendi received; Apprendi's actual sentence was thus within the range authorized by statute for the three offenses to which he pleaded guilty.

Apprendi, 120 S.Ct. at 2354. However, the Court found that the sentences on counts 3 and 22 were irrelevant to a determination of whether the sentence on count 18 was constitutional. The Court reversed and remanded, making it clear that constitutional error occurs when the sentence imposed for the crime charged exceeds the permissible range for that offense:

> The constitutional question, however, is whether the 12-year sentence imposed on count 18 was permissible, given that it was above the 10-year maximum for the offense charged in that count. The finding is legally significant because it increased-- indeed, it doubled--the maximum range within which the judge could exercise his discretion, converting what otherwise was a maximum 10-year sentence on that count into a minimum sentence. The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining 18 counts.

Id.

This, however, is not the situation before us. The count charged in the indictment, a violation of section 841(a)(1) without reference to quantity, authorized a sentence of not more than 20 years. Shepard's sentence of 188 months imprisonment falls below the maximum sentence authorized for that count. Because Shepard's sentence falls within the authorized range, we find no prejudice. Accordingly, we

AFFIRM.

> FN\* Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works