UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA,       )
                                )
vs.                             )   Case No. 00-6015-CR-ZLOCH
                                )
DONALD T. ROBERSON.             )

## MOTION UNDER 18 U.S.C. §3582(c)(2) TO MODIFY A TERM OF IMPRISONMENT

Comes now the petitioner, Donald Roberson, appearing pro-se interposing Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). A pro-se pleadings are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers: If the court can reasonable read a pleadings to state some valid claim on which a litigant can prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction or litigant unfamiliarity with pleading requirement, which allows a pro-se litigant aid especially when in prison.

## STATEMENT OF FACTS

On June 30, 2000, petitioner was charged with conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. 841(a)(1) and 846 and was sentenced to a term of imprisonment of 240 months. Pursuant to 2D1.1(b)(1) if a dangerous weapon was possessed, two levels are added. Pursuant to 3B1.1(a) if

(1)

the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, four levels are added to the base offense level.+4 However, pursuant to 4B1.1 the offense level is the greater of the offense level applicable or that noted in the career offender table.

### "BASED UPON NEW FOUND LAW" BY THE SUPREME COURT

Juries, not judges "must" decide all factors during sentencing and submitted those factors during sentencing: However, in this case in chief those rules of law was not followed, and the petitioner received an increased sentence because of the district court's error. See Townsend v. Burke, supra, that due process protects the right to be sentenced only on accurate and true information. Therefore, it is quite apparent that the petitioner's present federal sentence was enhanced based upon false and inaccurate information:

### 4B1.1 CAREER OFFENDER

In United States v. Price, 990 F. 2d 1367, 1370 (D.C. Cir. 1993) the court held that a defendant convicted of conspiracy could not be sentenced as a career offender because the statute under which the guidelines career offender provision was initially "promulgated" did not list conspiracy as a crime warranting career offender treatment. Had Roberson been correctly advised by counsel he would not have been exposed to the harsher sentence, therefore the petitioner requests that this Honorable Court resentence the petitioner based on the Price citing.

In Blakely v. Washington, the Supreme Court ruled June 24,

2004: that a vote of 5-4 decision said that juries not judges, must decide all factors during sentencing those factors that result in more prison time. In this case in chief the judge made the enhancement during sentencing not the jury therefore by the Supreme Court's ruling the petitioner requests on the basis of the Supreme Court's decision all enhancements applied by the judge not jury be exonerated as a matter of law.

## INEFFECTIVE ASSISTANCE OF COUNSEL

A claim of ineffective assistance of counsel is a mixed question of law and facts subject to denovo review: To establish ineffective assistance of counsel Roberson "must" show that (1) his counsel's performance fell below an objective standard of reasonable assistance. See United States v. Price, 990 F. 2d 1367, 1370 (D.C. Cir. 1993) The petitioner was not sentenced until 2000 which means the counsel had ample enough time to review the case and it would have shown the courts that if a defendant was found guilty or pleaded to 4B1.1 career offender that he could not be enhanced on 4B1.1. If he was convicted of conspiracy: (2) there is a reasonable probability that the outcome would have been different, but for counsel's unprofessional errors i.e., counsel's deficient performance was prejudicial. Because Amendment 4 of the sentencing guidelines will reflect the 506 amendment both show that the petitioner Roberson's outcome would have been different because counsel failed to review the Commissioner's sentencing amendment exposed petitioner to a harsher sentence: See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)

## JURISDICTION

Under 18 U.S.C. §3582(c)(2) Motion seeking to Modify a Term of Imprisonment of a federal judgement based on matter that affected the integrity of the proceedings is a proper motion that will contain some argument that a court should relieve a party from a final judgement or for one of the reasons enumerated in the rule.

Those reasons include: mistake, inadvertence surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation other misconduct of an adverse party, the judge has been satisfied or any other reason justifying relief from the judgement 18 U.S.C. 3582(c)(2): The petitioner Roberson contends that the court should reduce his term of imprisonment based on the district court's error in imposing a sentence of enhancement that was not found by juries but employed by presentencing investigation officer. Those fact findings are not accurate which exposed the petitioner to a greater sentence. Under current law the petitioner is entitled to a fair and just sentence determination with the Supreme Court making a ruling on the jury to determine the enhanced penalty, render the petitioner's sentence illegal and unconstitutional. See 6th Amendment. Sentencing Commission voted 4-1 July 26, 1994 making this amendment retroactive under 1B1.10.

## CERTIFICATE OF SERVICE

I hereby certify, that a true and exact copy of the foregoing Motion under 18 U.S.C. 3582(c)(2) has been furnished via U.S.

mail postage pre-paid to cause delivery this ___16___ day of ___July___, 2004.

                                          Respectfully Submitted,

                                          Donal Roberson, pro-se  
                                          Federal Correctional Institution  
                                          Gilmer  
                                          P.O. Box 6000  
                                          Glenville, West Virginia 26351-6000

*[Notary seal: OFFICIAL SEAL, NOTARY PUBLIC, STATE OF WEST VIRGINIA, LORI SMITH, 201 FCI LANE, GLENVILLE, WV 26351, My commission expires August 29, 2013]*