UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6015-CR-ZLOCH



UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          **O R D E R**

DONALD T. ROBERSON,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Donald T. Roberson's Motion Under 18 U.S.C. § 3582(c)(2) To Modify A Term Of Imprisonment (DE 136). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    In early 2000, Defendant Donald T. Roberson (hereinafter "Roberson") was charged in a seven count Indictment with various violations of federal narcotics laws. Roberson subsequently pled guilty to Count I of that Indictment and was sentenced to twenty (20) years imprisonment for conspiracy to possess with intent to distribute cocaine in violation of 22 U.S.C. § 846.

    In the instant Motion, Roberson seeks modification of the sentence previously imposed by the Court. Roberson states that he was sentenced pursuant to United States Sentencing Guidelines Manual §§ 2D1.1(b)(1), 3B1.1(a), and 4B1.1. In addition, Roberson states that a jury should decide all factors during



sentencing pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004).

With regard to U.S.S.G. § 4B1.1, the Court notes that this section was not employed in crafting Roberson's sentence. See Roberson v. U.S., No. 01-10440, slip op. at 2 (11th Cir. Nov. 14, 2001)(holding that this Court "did not utilize U.S.S.G. § 4B1.1 in fashioning appellant's sentence"). § 2D1.1(b)(1) which provides for a two (2) level increase in a defendant's offense level also does not provide a basis for modification of Roberson's sentence because the Court held that the enhancement did not apply to Roberson. See DE Nos. 89 and 90. Accordingly, the Court finds that §§ 4B1.1 and 2D1.1(b)(1) do not provide a basis for modification of Roberson's sentence.

Turning to Roberson's arguments regarding § 3B1.1(a), the Court notes that pursuant to 18 U.S.C. § 3582(c):

> The court may not modify a term of imprisonment once it has been imposed except that -
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The relevant policy statement of the Sentencing Commission states that:

> Where a defendant is serving a term of imprisonment,

2

and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S. Sentencing Guidelines Manual § 1B1.10(a) (Nov. 2003). The Guidelines further provide:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S. Sentencing Guidelines Manual § 1B1.10(b) (Nov. 2003). In clarification of this policy the Application Notes provide:

> In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.2 (Nov. 2003). U.S.S.G. § 3B1.1 was amended by Amendment 414 and Amendment 500, neither of which is listed in § 1B1.10(c) of the Guidelines. Therefore, the Court finds that § 3B1.1 does not provide a basis for modification of Roberson's sentence.

Finally, Roberson citation of <u>Blakely v. Washington</u>, 124 S.

3

Ct. 2531 (2004) does not provide a basis for modification because the United States Court of Appeals for the Eleventh Circuit has ruled that <u>Blakely</u> does not apply to the U.S. Sentencing Guidelines. <u>U.S. v. Reese</u>, 382 F.3d 1308 (11th Cir. 2004).

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Donald T. Roberson's Motion Under 18 U.S.C. § 3582(c)(2) To Modify A Term Of Imprisonment (DE 136) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this \_\_\_13th\_\_\_ day of December, 2004.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Roger Powell, Esq., AUSA
For Plaintiff

Richard Francis Della Fera, Esq.
For Defendant