

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DONALD T. ROBERSON

V.                                              CASE No. 00-6015-CR-ZLOCH

UNITED STATES OF AMERICA /

MOTION FOR LEAVE TO AMEND 18 U.S.C. §3582
MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE

NOW INTO COURT comes Donald Roberson, the petitioner, appearing through ProSe representation and respectfully move this Honorable Court to file an amendment to his 18 U.S.C. §3582 motion to vacate, set-aside or correct sentence, pursuant to Federal Rules of Civil Procedure, Rule 15(A) leave to amend shall be freely given when justice so requires:

A memorandum brief in support of this motion is made part of this motion by reference herein.

MEMORANDUM BRIEF IN SUPPORT OF MOTION
18 U.S.C. §3582 TO MODIFY OR CORRECT SENTENCE
BASE ON SUPREME COURT DECISION

The federal Rules of Civil Procedure, Rule 15(A) gives Petitioners like other

motions the right ot amend and the motion once without leave of the court at any time before the government files a responsive pleading. After the petitioner file one preanswer amendment of the respondent submit an answer or other responsive pleadings. Civil Rule 15 permits amendment by leave of court by written consent of the adverse party. Leave to amend shall be freely given when justice so require. The Petitioner Donald Roberson will state the facts pleading the facts for the amended motion, issue arguements and authorities conclusion insert conclusion based on amendment to the motion.

## STATEMENT OF ISSUES

The recent Supreme Court decision in **Blakely v. Washington** and **United States v. Booker**, must be applied in the instant matter in order to protect the petitioner **Donald Roberson** right to be sentence only upon those factors submitted to the jury for proof beyond a reasonable doubt.

## LAW AND ARGUMENT

The Supreme Court has set new precedent requiring other than the fact of a prior conviction, any fact that increases the sentence **must** be submitted to a jury and proven beyond a reasonable doubt. **Blakely v. Washington,** 124 S.Ct. 2531, 2536, 159 L.Ed. 24 403. **Apprendi v. New Jersey,** 530 U.S. 466-490, 147 L.Ed. 435, 120 S. Ct. 2348 Sentences imposed by a judge based solely on the facts reflected in the jury verdict alone **Blakely** at 124 S.Ct. 2537. Because the Petitioner **Donald Roberson** was judge by the presentence investigation reporter rather than indictment has caused the petitioner to be held in Federal custody on misadvised information rather than the fact of this case. The petitioner sentence should be vacated in

this matter because the presentence reporter does not have the power to convict, arrest of indict, therefore the Fifth Amendment of the United States Constitution clearly states that no person shall be charge or convicted unless presented by way of indictment, including drug amount and all essential elements.

### THE UNITED STATES SUPREME COURT RULE MARCH 11, 2005

The Supreme Court further restricted Federal Judges sentencing powers, Monday, ruling police report and other unproven evidence cannot be used to tack on prison time. The 5-3 decision in a Massachusetts case put into doubt. Judicial fact-finding involving a defendant prior convictions when boosting sentences. In conjuction with the Supreme Court decision the Supreme Court rule that jury not judges has the power to increase sentences, in case the judge was following a provision of the law that permitted judges to impose higher sentences when they find that the facts warrant harsher punishment. But the Court said the Sixth Amendment guarantee of a jury trial in felony cases means that any facts that would result in a sentence above the range of those specifically mentioned in the law **must** be found by a jury beyond a reasonable doubt.

Its essential that this Honorable Court sentence the petitioner by way of indictment instead of what's been set before the judge by the presentence investigation reporter. Punishment is essential to the petitioner because a drug amount was determined by the courts and the indictment has no alledge amount specified in the indictment, therefore the petitioner should be entitled to resentencing on the lowest amount of drug possible because the indictment failed to state any alledge amount, the petitioner request resentencing in this matter:

The recent Supreme Court decision in **Blakely v. Washington** and **United States**

v. Booker must be applied in the instant matter order to protect the petitioner rights to be sentence "only" upon those factors submitted to a jury for proof beyond a reasonable doubt.

The equal protection provides the same punishment for the same crime no matter were the crime took place under the Sixth Amendment as well as sentencing the right to have facts utilized at sentencing prove to a jury for proof beyond a reasonable doubt. The United States Constitution guarantees each defendant a trial by jury wherein on punishment is imposed until a jury determines the defendant guilty of particular conduct beyond a reasonable doubt. See U.S. Const. v. Anvi, at odds with that system is the Sentencing Reform Act of 1984. U.S.S.G. Chapter 1, Part A intro, comment(3) in addition to base sentencing range established by reference to the jury verdict alone, see Harris v. United States, 122 S.Ct. 2406, 153 L.Ed. 2d 524. Due prosess requires that every fact necessary to constitute a crime must be found beyond a reasonable doubt by a jury if that right is not waived the invariable linkage of punishment for a crime should be judge the same United States v. FanFan. Similarly, in the instant case the petitioner was sentenced upon drug amount that was not submitted for proof beyond a reasonable doubt.

The Grand Jury did not return an indictment as to the amount of drugs that the petitioner was involved with in this matter. However the petitioner was sentence base upon the review of the presentence investigator reporter rather than what was returned by the grand jury. The petitioner argue that his sentence has caused him to be exposed to a much harsher sentence than the offense comitted under federal law U.S.S.G. 2D1.1.

The grand jury returned an indictment involving no specific amout of drugs, a finding of fact beyond those charge in the indictment. Therefore the petitioner

total offense level should have been calculated to be 12 pursuant to U.S.S.G. 2D1.1(C)(14) reflecting the lowest amount of cocaine base for which one can be found liable where drug amount was not charged in the indictment or proved to the jury. Therefore the petitioner guideline range of imprisonment should be between 21 and 27 months as opposed to the 240 month sentence received. Even adjusting for the minimum sentence permitted by the statute of conviction is impermissible under current Federal Sentencing practices. The petitioner sentence has been imposed in violation of his constitutional right to be tried only on the charges set forth by way of indictment the due process require the law to review this instant sentencing in violation of it's principles that embodied the Fifth and Sixth Amendment of the United States Constitution.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing application memorandum of law and verification were served this ___JUNE 23,___ day of ___05___, 2005 by regular United States Mail with sufficient postage affixed to the District Court for the Southern District of Florida Fort Lauderdale Division.

Respectfully Submitted,

x_____
Federal Correctional Institution
GILMER
P.O. Box 6000
Glenville, West Virginia. 26351

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
LORI SMITH
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2013