UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA



UNITED STATES OF AMERICA

v.

DONALD T. ROBERSON

CASE No. 00-6015-CR-ZLOCH

RESPOND TO THE GOVERNMENT ON 18 U.S.C. §3582(c)
MODIFY A TERM OF IMPRISONMENT

COME NOW, the petitioner Roberson bring to the court attention he a ProSe litigant and under Haines vs Kerner, 404 U.S. 519-520 (1972) per curiam) A ProSe litigant pleadings are construced liberally and held to less stringent than a formal pleading drafted by lawyer: If the court can reasonably read a pleading to state some valid claim failure to cite proper legal authority confusion of legal theories, poor syntax, and sentence contruction or litigant unfamiliarity with pleading requirement which allows a ProSe litigant aid especially while in prison: In any event, even if petitioner has improperly labeled his motion under United States v. Jordan, 915 F.2d 622(11th Cir.) The courts held: That Federal Courts are obligated to look behind the label of a ProSe inmate motion is cognizable under fifferent remedial statutory frame work Id. at 624-25.

STATEMENT OF FACTS



1.

The petitioner Roberson, was enhanced on factor that was not presented to a jury or proven beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed. 2d 435(2000) The court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime those factor must be submitted to a jury and proven beyond a reasonable doubt.

Expanding upon this principle, the court in Blakely concluded that for Apprendi purposes is the maximum sentence that a judge may impose solely on the basis of the facts reflected in the jury verdict or pleading of the plea itself, or admitted by the defendant when a judge inflicts punishment. That the jury verdict alone does not allow. Under Blakely v. Washington a jury must find and consider any factor that boost a defendant sentence, the jury and not the judge has the proper authority to review those factor and reach a just decision if that jury has not found all the fact which the law makes essential to the punishment and the judge exceeds his proper authority. Under Jurisdiction, United States v. Harris 149 F.3d 1304-1308(11th Cir.). The petitioner request this Honorable Court to review all non-defaulted claims for comparable relief. The petitoner Sixth Amendment Right is in violation because the judge and not the jury boosted the petitioner sentence, also none of hte enhancement are alledge in the indictment. This is a claim that can't be waived or defaulted. The Grand Jury found any such factor the government failed to address those factor at the plea and sentencing phase, therefore the P.S.I. presentence Investigation office exceed it's authority by applying those factor for enhancement pruposes, this case warrant resentencing on those violation. However, contrary to petitioner's motion jurisdictional claims based on defective indictment cannot be procedually defaulted. See Harris v. United States also Howard v. United States 374 F.3d 1068, where the Supreme Court held: Jurisdictional defects cannot be waived or procedurally defaulted, and a defendant need not show "cause and prejudice" to justify his claim or cause the issue before

this court is a <u>Fifth and Sixth Amendment violation.</u> Under the Fifth Amendment of the United States Constitution states as follows, no person or persons shall stand before the court unless presented by way of indictment. The Sixth Amendment of the United States guarantees the protection of the court ot comply only to what the Grand Jury has returned in its indictment, the factor was not in the indictment nor was they admitted to by the petitioner under <u>United States v. Harris</u> a claim of jurisdictional defects can be brought to the court attention at any time, when the rules and citing of case law is presented the court has an affirmitive obligation to correct such defects, here in this case the petitioner Roberson sentence was enhance on factor that was not conceivable by a jury or proven beyond a reasonable doubt. The violation in this require a modification of term of imprisonment because (1) The enhanced penalty is not alledge in the indictment. (2) The penalty that increases the petitioner Roberson sentence was found by judge instead of jury. See <u>United States v. Booker</u> Vulnerability has expose the petitioner to a longer prison term and not in compliance with <u>Booker, Apprendi, Jones, or Blakely,</u> and the fifth and sixth amendment is being violated.

    The fundermental principle mandated by law require jury not judges to boost a defendant sentence, without those rules being applyed properly exposes the petitioner to a longer term of imprisonment. Therefore, the petitioner has approached this Honorable Court with associated facter that causing him to be in violation of his constitutional right. The application that was used to boost the petitioner sentence should be corrected by this court because a judge inflicted those factor instead of a jury which is proceived by law. <u>Roberson</u> contends that his sentence is illegal, that the district court errored in sentencing him as a career offender and that the application of the career offender enhancement provision for his conviction under 21 U.S.C. 846 was illegal because the constitution simply does not allow the sentencing commission, as an independent agency, to make law: The

constitution only allows the United States Congress, which is a legislative body, to make laws affecting the general citizens at large. Roberson argues that the statute on which the sentencing commission relied when it promulgated the career offender guidelins **did not** permit the application of those guidelines to conspiracy to commit controlled substance crimes.

Under 18 U.S.C. §371, the Comprehensive Drug Abuse and Prevention and Control Act of 1970 and 28 U.S.C. 994(H) and Sentencing Guidelines Section 4B1.1 deference owed to the sencing commission in discharging its delegated powers: This case warrant resentencing without enhancement.

It was not until the sentencing, when the judge imposed an enhance sentence based upon factors not alledged in the indictment nor sumitted to the jury that the district court erred, **Apprendi** teaches that the enhanced sentence imposed was authorized only if the jury found those enhance factor beyond a reasonable doubt. In this case lthe grand jury returned a charge of 21 U.S.C. §841(A)(1) with no citing of 21 U.S.C. §841(b)(1)(A). However, the grand jury did not charge him with that offense; The government did not prove that offense before the petitioner accepted the plea, and there was no jury to find him guilty of the offense beyond an reasonable doubt. In sentencing a defendant for an enhance offense, where the charging and jury finding prerequisites did not exist, the district court simply exceeds its jurisdiction: See **Jones v. United States** 224 F.3d 1251, 1259-1260(11th Cir.) By contrast to plain error review where reversal is discretionary with the court Federal Court are obligated to correct jurisdictional error at anytime because they are court of limited jurisdiction deriving their power solely from Article III of the Constitution, and legislative acts of congress. See **Harris v. United States** 149 F.3d 1304, 1308(11th Cir.) The court therefore cannot derive power to act from the actions of inactions of the parties before them.

## CERTIFICATE OF SERVICE

I Petitioner **Donald T. Roberson**, hereby certify a true and correct copy of the foregoing motion to modify a term of imprisonment under 18 U.S.C. §3582(C) and that the foregoing information to the best of his knowledge via mail United States Postage prepaid Federal Correctiona Institution Gilmer on this 3rd day of August, 2005.

RESPECTFULLY SUBMITTED,

x /s/ Donald Roberson
Donald Roberson, ProSe
F.C.I. Gilmer
Reg. No. 55140-004
P.O. Box 6000
Glenville. Wv. 26351-6000

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
LORI SMITH
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2013