UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FILED BY _____ D.C.
JUN 27 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA, )
)
)
vs. )
) Case No. 00-6015-CR-ZLOCH
)
)
DONALD T. ROBERSON, )
)
_____ )

### DEFENDANT'S MOTION FOR RE-SENTENCING AND/OR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §3582(c)(2)

COMES NOW, Defendant **Donald Roberson**, by and through undersighed counsel, and moves this Court to re-sentence Defendant and/or reduce his term of imprisonment to a lower term of imprisonment pursuant to 18 U.S.C. §§ 3582(c)(2), 3553(a), 29 U.S.C. § 994(a)(2), U.S.S.G. § 1B1.10, as well as the amended advisory guidelines. As grounds therefore, Defendant shows the following:

A. **Authority of Court to Re-sentence**

1. On November 1, 2007, the Sentencing Commission lowered sentencing ranges for crack cocaine offenses by two offense levels. See U.S.S.G. § 2D1.1(c), Drug Quantity Table. The Commission found the guidelines created unwarranted sentencing disparities between crack cocaine offenders and powder cocaine offenders, resulting in overpunishment of crack offenders.

2. On December 11, 2007, the Commission authorized the amended crack cocaine guidelines **to apply retroactively**. The Commission also amended Reduction in Term of Imprisonment as a Result of Amended Guideline

1.

<u>Range (Policy Statement)</u> under § 1B1.10(c) of the Federal Sentencing Guidelines Manual to include amendments 706 as amended by 711, which pertains to crack cocaine offenses.

3. Section 1B1.10(a)(1) authorizes this Court to reduce a defendant's term of imprisonment as provided in 18 U.S.C. § 3582(c)(2), in the case where " a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant **has subsequently been lowered as a result of an amendment to the Guidelines Manual** listed in subsection (c) below."

4. Thus, in this case, because the Commission subsequently lowered the crack guidelines after defendant's original sentence, because the amended sentencing guidelines apply retroactively, and because defendant qualifies for such retroactive treatment and now files this section 3582(c)(2) motion, this Court is authorized to conduct a hearing and re-sentence him to lower term of imprisonment. <u>See</u> U.S.S.G. § 6A1.3 ("[w]hen any factor important to the sentencing determination is reasonably in dispute the parties shall be given an adequate opportunity to present information to the court regarding that factor"); <u>United States v. Byfield,</u> 391 F.3d 277, 280-281 (D.C. Cir. 2004) (court abused its discretion in failing to order evidentiary hearing where defendant's uncontroverted factual assertions in § 3582(c)(2) motion raised "enough of a smidgeon to put the matter reasonably in dispute ") (<u>citing</u> U.S.S.G. § 6A1.3); <u>United States v. Moore,</u> 2008 WL 161668, S.D. Ohio, Jan 15, 2008 (granting defendant's § 3582(c)(2) motion for re-sentencing under crack guideline and ordering a hearing to be scheduled following receipt of a new Presentence

---

1 Section 3582(c)(2) of Title 18, United States Code, provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), **upon motion of the defendant** or the Director of the Bureau of Prisons, or on its own motion, **the court may reduce the term of imprisonment**, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements** issued by the Sentencing Commission."

Investigative Report); United States v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007) (a district court can re-sentence a defendant whose sentencing range has been lowered by the sentencing Commission pursuant to 28 U.S.C. 994(o)).

B. Eligibility of Defendant for Re-Sentencing

1. Donald T. Roberson, pled guilty to conspiracy to distribute and possess with intent to distribute crack cocaine.

2. On January 11, 2001, the Honorable William J. Zloch, Chief United States District sentenced Mr. Roberson, to a term of imprisonment of 240 months.

3. As such, defendant requests this Court to conduct a hearing and re-sentence him to a reduced term of imprisonment.

C. Factors the Court Considers When Re-Sentencing Defendent

1. First, the Court considers what sentence the defendant would have received under the retroactive amendment had the amendment been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1).

2. In doing so, the Court " substitute(s) only the amendments listed in subsection(c) [of § 1B1.10, i.e. the covered amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected. " Id.

2

In Hicks, supra, the Court held, "While §3582(c)(2) proceedings do not constitute full resentencings, their purpose is to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the §3553(a) factors, and issuing a new sentence based on the Guidelines. The dichotomy drawn by the government, where full-resentencings are performed under an advisory system while 'reduction proceedings,' or 'modifications,' rely on a mandatory Guideline system, is false.... Booker excised the statutes that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory in some case but not in others." Id. at 1171-1172, citing United States v. Booker, 543 U.S. 220, 263, 266 (2005).

3. Thus, the Court must consider all relevant statutory sentencing criteria, even if said criteria did not exist at the time of the original sentence or may be unrelated to the amendment. See Settembrino v. United States, 125 F. Supp.2d 511, 517 (S.D. Fla. 2000) ("when faced with a Section 3582(c)(2) resentencing, a district court may consider grounds for departure unavailable to a defendant at the original sentencing, including safety valve relief of Section 3553(f)"); United States v. Mihm, 134 F.3d 1353, 1355 (8th Cir. 1998) (with a §3582(c) resentencing, the district court is permitted to apply § 3553(f)'s safety valve to reduce sentence below the mandatory minimum because § 3553(f) is a general sentencing consideration the district court must take into consideration in exercising its discretion to resentence under § 3582(c)(2)); United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997)(all other previous factual decisions concerning particularized sentencing factors are to be left intact, e.g. role of offense, obstruction of Justice, victim adjustments, more than minimal planning, and acceptance of responsibility).

4. Moreover, while the Commission amended the crack guidelines by a two level reduction, the amendment does not prohibit this Court from re-sentencing defendant even further below a two level reduction, as any

mandatory guideline would violate Booker, supra, and Kimbrough v. United States, 128 S.Ct. 558, 564 (2007) (the Court held that "the cocaine Guidelines, like all other Guidelines, are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory"); See also id. at 568-569, 573 (crack amendment represents only "modest" change that still yield higher sentences than for power offenses, is "only... a partial remedy" for overly harsh crack sentences, and creates crack to powder ratios that vary from 25 to 1 for some defendants to 80 to 1 for others, despite the Commission's recommendation to Congress that the ratio should be no more than 20 to 1 for all defendants) (citing various Sentencing Commission reports).

5. Next, to determine whether a reduction is warranted and what the extent Of the reduction should be, the Commentary to application of § 1B1.10(a), states, that in general, the Court considers 1) the factors set forth in 18 U.S.C. § 3553(a), 2) the nature and seriousness of the danger to any person or the community, and 3) postsentencing conduct of the defendant that occurred after imposition of the original sentence. Commentary 1 of § 1B1.10

6. In addition to the Court implementing the so- called "parsimony principle," viz.: "impos[ing] a sentence sufficient, but not greater than necessary, to satisfy the purposes" of sentencing, the Court considers factors set forth in 18 U.S.C. § 3553(a), to the extent they apply, including: the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed, post-sentencing conduct, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct, any pertinent policy statement issued by the Sentencing Commission, and the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of offense committed by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1) and subject to any amendments made to such guideline. 18 U.S.C. § 3553(a).

7. Additionally, the standards established in United States v. Booker, 543 U.S. 220, 125 S.Ct. 788 (2005), apply to Defendant's re-sentencing, most importantly the Court's application of the principle that the guidelines are advisory. United States v. Hicks, 472 F.3d 1171-1177 (9th Cir. 2007) ("to the extent that policy statements are inconsistent with Booker by erequiring that the Guidelines be treated as mandatory, the policy statements must give way") Id. at 1172-1173; See also Kimbrough, supra at 570 (section 3553(a) "as modified by Booker, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing" ); Neal v. United States, 516 U.S. 284,290,295(1996) (Commission "does not have the authority to amend [a] statute" by purporting to interpret it in ways contrary to the construction given it by the Supreme Court, and the Court will "reject [the Commission's] alleged contrary interpretation"); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) (facts increasing the statutory maximum penalty must be found by a jury, rather than a judge during sentencing); United States v. Booker, supra (mandatory guidelines allowing judges to increase a sentence based on facts not found by a jury violates the defendant's Sixth Amendment rights, thus, the guidelines are advisory and judges review

the ultimate sentence for "unreasonableness"); <u>Stinson v. United States</u>, 508 U.S. 36 (1993) ("commentary of the Guidelines Manual that interprets or explains a Guideline is authoritative unless it violates the Constitution) (emphasis added).

**WHEREFORE**, Defendant **Mr. Roberson**, requests that this Court grant a hearing and resentences Defendant to a reduced term of imprisonment.

This 22 day of April, 2008.        *[signature: Onald Roberson]*

7.

## CERTIFICATE OF SERVICE

I Defendant <u>Donald T. Roberson,</u> hereby certity a true and correct copy of the foregoing motion for re-sentencing and/or sentence reduction pusuant to 18 U.S.C. §3582(c)(2) and that the foregoing information to the best of his knowledge via mail United States Postage prepaid Federal Correctional Institution Coleman, on this 28 day of April 2008.

RESPECTFULLY SUBMITTED,

Donald T. Roberson, ProSe
FCC COLEMAN
Reg No. 55140-004
P.O.BOX 1031
Coleman, FL. 33521-1031